Joseph A. BANKOWSKI, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 89–176.

United States Court of Veterans Appeals.

Submitted July 26, 1990.

Decided Oct. 1, 1990.

As Amended Oct. 1, 1990.

Rick Surratt (non-attorney practitioner) and Ronald L. Smith, Washington, D.C., were on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, Washington, D.C., were on the brief, for appellee.

Before KRAMER, Associate Judge.

KRAMER, Associate Judge:

## SUMMARY OF DECISION

The Board of Veterans' Appeals (BVA) determined that the appellant's hearing loss was not service connected. Appellant appealed. The Court affirms the decision of the BVA.

## HISTORY

Appellant, Joseph A. Bankowski, served in the United States Marine Corps between June 26, 1946, and June 25, 1948. The appellant asserts that during his service he incurred a left ear injury and that, therefore, his subsequent hearing loss should be service connected.

Unfortunately, the appellant's claims file was lost by the Veterans' Administration (VA) (now the Department of Veterans Affairs). While the VA did rebuild the file, it contains none of the veteran's service medical records. The appellant's first documented hearing loss was recorded August 28, 1974, in a report of an audiological examination from the State of Pennsylvania, Department of Labor and Industry, Bureau of Vocational Rehabilitation. This report indicated a significant hearing loss in both ears, with the left ear being somewhat worse than the right, as well as moderate difficulty in speech discrimination. Another audiological examination from an unnamed source was performed on April 29, 1988. It, too, indicated a hearing loss in both ears with a more severe loss in the left ear. The record also contains 1988 and 1989 statements from the appellant and a former service colleague indicating that the appellant was injured during his military service in Guantanamo Bay, Cuba, while being transported to a guard post in a military vehicle which overturned and

caused a machine gun to strike his head behind his left ear.

By way of what appears in the record to be a reopened claim, dated August 9, 1988, appellant requested service connection for ear, neck, and buttock injuries. Although service connection was denied for all conditions, appellant filed a Notice of Disagreement with the Philadelphia, Pennsylvania, Regional Office of the VA only with respect to the left ear injury. A BVA decision was rendered September 7, 1989, in which service connection was denied. Appellant appealed to the Court.

*Analysis*

There is no dispute as to the fact that the veteran has a substantial hearing loss in his left ear. The only issue is whether such loss is service connected pursuant to 38 U.S.C. § 331 (1989) which states in relevant part:

> For disability resulting from personal injury suffered ... in line of duty ... the United States will pay ... compensation....

This statutory provision is discussed at 38 C.F.R. § 3.303(a) (1989) which states:

> Service connection connotes many factors but basically it means that the facts, shown by evidence, establish that a particular injury ... resulting in disability was incurred coincident with service in the Armed Forces....

■ Appellant argues that the evidence that he presented was unrebutted and thus he should prevail. However, even assuming the credibility of all of his evidence, there is no evidence in the record to indicate that the appellant's in-service injury to his left ear resulted in, as required by the above quoted statute and regulation, his subsequent hearing loss. The hearing loss was first documented in 1974, more than a quarter of a century after the service-connected injury. In addition, the 1988 and 1989 statements of appellant and his service colleague show only that injury occurred. Thus, the Court finds no basis for disagreeing with the BVA conclusion that "we do not find it reasonable to associate chronic disability with an ear injury in service". *Joseph A. Bankowski,* loc. no. C17217124, at 4 (BVA Sept.1989).

■ The Court determines that this case is one which is appropriate for summary disposition. In *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990), the Court set forth the test for summary disposition:

> If, after due consideration, the Court determines that the case on appeal is of relative simplicity and
>
> 1. does not establish a new rule of law;
> 2. does not alter, modify, criticize, or clarify an existing rule of law;
> 3. does not apply an established rule of law to a novel fact situation;
> 4. does not constitute the only recent, binding precedent on a particular point of law within the power of the Court to decide;
> 5. does not involve a legal issue of continuing public interest; and
> 6. the outcome is not reasonably debatable.

In the instant case, the *Frankel* test has been met.

### CONCLUSION

For the reasons stated above, pursuant to 38 U.S.C. §§ 4052(a) and 4061 (1988), the decision of the BVA is summarily affirmed.